# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**KORI E. OVERTON**<br><br>**Defendant** | )<br>)<br>) Case No.  1:20-MJ-462-DJS<br>)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of September 15, 2020 in the county of Albany in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | The defendant knowingly possessed in and affecting interstate commerce, a firearm, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, as the defendant well knew when he possessed the firearm |

This criminal complaint is based on these facts:
Click here to enter text.

☒ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jaime Vasquez, DEA

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  September 16, 2020

City and State:  Plattsburgh, NY

Daniel J. Stewart
U.S. Magistrate Judge

I, Jaime Vasquez, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have been a Special Agent with DEA since completion of the DEA Training Academy, in Quantico, Virginia on March 31, 2017. After completion of the Basic Agent Training Academy, I was assigned to the New York Field Division, Plattsburgh Resident Office. I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers. Through my training, education, and experience (including monitoring wiretapped conversations of drug traffickers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activities to avoid detection by law enforcement.

2. I have participated in the investigation of complex narcotics enterprises, including major narcotics organizations. These investigations included the use of court-ordered eavesdropping. I have also conducted extensive analyses of telephone billing records for telephones used by narcotics traffickers. Members of the Plattsburgh Resident Office also have extensive experience in narcotics investigations, especially involving high-level narcotics traffickers and money launderers. I have had and continue to have conversations with them concerning this and other narcotics related investigations.

3. I make this affidavit based upon my personal knowledge and upon information received by me from other law enforcement officials. The statements of fact contained in this affidavit are based upon my personal knowledge, participation in the investigation, information provided by agents of the DEA and other law enforcement agencies, analysis of documents, and my experience and training as a Special Agent. As a result of my participation in investigation, I am fully familiar with the facts and circumstances of the investigation. This affidavit does not set forth all of my knowledge in this matter, but is merely submitted to show there is probable cause to believe that Kori E. OVERTON has committed the offense charged.

**PROBABLE CAUSE**

4.   On September 15, 2020, at approximately 8:15 p.m., New York State Police (NYSP) Troopers conducted a traffic stop of a red 2012 Chrysler 300 sedan, bearing New York registration HNX9996, along the northbound lanes of Interstate 87 just north of Exit 23, in Albany, New York, which is located in the Northern District of New York. The traffic stop was conducted following an observed violation of the New York State Vehicle and Traffic Law. During a roadside interview, the Trooper identified the operator and sole occupant of the vehicle to be Kori E. OVERTON. Upon interviewing OVERTON, OVERTON provided inconsistencies in his story regarding his purpose of travel. The Trooper then asked OVERTON for consent to search his vehicle, which OVERTON refused. The Trooper then requested the assistance of Canine ("K9") "Kinson," who is trained in detecting the odor of narcotics, to conduct a non-intrusive free air sniff of the vehicle.

5.   Once on scene, NYSP K9 Kinson was deployed to conduct a free air sniff of the exterior of the above mentioned vehicle. At that time, K9 Kinson alerted to the front passenger door of the vehicle, indicating the presence of a trained narcotic odor. K9 Kinson conducted a free air sniff of the interior of the vehicle. While being deployed within the vehicle, K9 Kinson alerted to the front passenger seat, as well as the center console area of the vehicle, again indicating the presence of a trained narcotic odor. Troopers then conducted a hand search of the vehicle and located a non-factory, hidden compartment or "false void" behind the front passenger seat. A Trooper pulled the rear corner of the front passenger seat and could visually observe the magazine well and grip of a firearm. Troopers opened the false void and secured the firearm, which was identified as a Bryco Arms 9 mm hand gun, Model Bryco 59, bearing serial number 847779. The firearm was found to contain an inserted magazine, loaded with hollow point rounds. The firearm was removed from a holster from within the false void. In addition to the firearm, Troopers also located a clear bag, which contained an off-white, hard, chunky substance, consistent with cocaine. Troopers placed OVERTON under arrest, and advised OVERTON of his *Miranda* rights. Troopers then transported OVERTON to the DEA Albany District Office for further processing and interview.

6. Once at the DEA Albany District Office, agents conducted an audio and video recorded interview of OVERTON. Prior to beginning the interview, agents asked OVERTON if he understood the rights that he was previously advised of by Troopers following the initial traffic stop. OVERTON verbally informed agents that he understood his *Miranda* rights, and agreed to continue to speak with members of law enforcement. During this post Miranda interview, OVERTON admitted to agents that the aforementioned firearm located within his vehicle belonged to him. OVERTON further stated that he did not have a license for the firearm he was found to be in possession of and knew that it was illegal to possess same. OVERTON stated that he had purchased the firearm approximately five (5) years ago from an unknown male.

7. The aforementioned clear plastic bag containing an off white hard chunky substance, found in the false void of OVERTON's vehicle, was secured as evidence and transported to the DEA Albany District Office for further processing. A sample of the white hard chunky substance was field tested, with the results showing positive for cocaine. The clear plastic bag containing suspected cocaine was weighed and reflected an approximate field weight of 51.5 grams, to include the clear plastic packaging. Based on your Affiant's training and experience, that amount of cocaine is indicative of an intent to distribute.

8. A review of OVERTON'S criminal history shows on January 22, 1991, OVERTON pled guilty in Kings County (NY) Supreme Court to the felony of Robbery 1st Degree: Forcible Theft Armed with a Deadly Weapon, in violation of New York State Penal Law section 160.15(2), and on February 11, 1991, he was sentenced to 3 to 9 years in state prison.

9. The Bryco Arms 9 mm hand gun, Model Bryco 59, bearing serial number 847779 was assembled by Bryco Firearms in either California or Nevada.

//
//
//
//
//

Attested to by the affiant:

_____
Jaime Vasquez
Special Agent
Drug Enforcement Administration

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on September 16, 2020 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Daniel J. Stewart
United States Magistrate Judge